RACHEL JOHNSON, guardian of ELIZABETH JOHNSON and others,
*vs.* MANLOVE JOHNSON.

On exceptions to administration accounts in the Orphans' Court, the record must show
the interest or concern of the acceptant, or it is error.
A guardian may file exceptions in his own name as guardian.

APPEAL from the decree of the Orphans' Court of Sussex county.
Exceptions were filed in the Orphans' Court by " Rachel Johnson,
guardian of the persons and estates of Elizabeth Johnson, Rhoda
Ann Johnson, Mary Jane Johnson, and Margaret Johnson," to the
administration accounts passed by the defendant, Manlove Johnson,
on the estate of William Johnson, deceased. The exceptions were
heard by the chancellor, sitting alone, and he made a decree cor-
recting the accounts in several particulars, and ordered the respon-
dent to pay costs; whereupon he appealed, and the chancellor certi-
fied to this court the following points as decided by him. (8 *Del.
Laws*, 92.)

In the Orphans' Court of Sussex county:

The respondent moved to dismiss the exceptions to his adminis-
tration accounts on the estate of William Johnson, 1st, because the
appeal before the register was taken and the exceptions filed by and
in the name of " Rachel Johnson, guardian of the said Elizabeth,
Rhoda Ann, Mary Jane, and Margaret Johnson," whereas the same
should have been taken, filed and entered in the names of the said
minors *by* their said guardian. 2d. for that it did not and doth not
appear in and by said exceptions, that the said Elizabeth, Rhoda
Ann, Mary Jane and Margaret Johnson, and Rachel Johnson their
said guardian, any or either of them, had any *interest* or *right* to file
the exceptions to the said administration accounts, either as creditors
of the said William Johnson deceased, as children, legatees or heirs

at law of said deceased, or otherwise entitled to any distributive share or portion of his personal estate ; without which, or some other interest in the same appearing in and upon said exceptions, the party has no right to the appeal, and the same ought to be dismissed. But the Orphans' Court *refused* the motion ; deciding that the guardian could except in form aforesaid, and that the exceptions were right and proper in form and substance. And the court proceeded to hear and decree in the cause ; upon which an appeal was taken to the Superior Court.

*Cullen*, for appellant, respondent below.

A guardian cannot bring suit in his own name; the suit must be in the name of the ward. 1 *Chitty Pr.* 292 ; 2 *ibid* 42 ; 3 *Bac. Ab.* 616 ; 2 *Saund. Rep.* 117. Has this law been altered by our act of assembly ? *Digest,* 424. "The guardian shall be admitted to sue or defend for his ward," which is the same thing as saying, according to the rule of pleading before practised, that the minor may except by his guardian.

2d. To entitle a party to appeal from an administration account his interest must appear and be shown by the record. Who are entitled to except ? *Const., Art.* 6, *Sec.* 21. "Exceptions may be made by persons *concerned."* The concern or interest, therefore, must appear on the record. It is traversable, ought to be both alledged and proved, and unless it appears the court has no jurisdiction to try the exceptions.

*Ridgely*, contra.

The Orphans' Court, in jurisdiction and practice, is the creature of statute law. *Dig.* 126. It has power to make rules of practice, and all rules necessary for the bringing forward and expediting causes. And in fact it is known that its rules of practice are not technical, and do not profess to follow the rules of the common law practice. For instance, proof of limitation may be made without pleading the statute. Have these exceptions then been properly brought forward according to the rules and practice of the Orphans' Court ? That court has so determined by receiving and acting on them. But again, the form of proceeding is strictly correct, being authorized by the express terms of the act of assembly. It defines the powers of a guardian, authorizes him to sue *for* his ward, and distinguishes, in this respect, between guardian and prochein amy.

On the other point, the constitution secures the right to appeal or except to all persons concerned, not merely privies in interest either of blood or estate, but to any one any way concerned. This interest or concern is susceptible of proof at the hearing of the exceptions, and must necessarily have been proved or the appeal would have

been dismissed. It was not necessary that it should be stated; if proved, it was sufficient. As to the interest or concern of the guardian, he is concerned for his ward, for he has the custody and care of his person and estate. He is, therefore, a proper party to except to accounts in which the ward is interested.

*Cullen,* in reply.

*By the Court:*

J. M. CLAYTON, *Chief Justice.*—It is doubtless true that at common law a guardian cannot sue in his own name for the choses due to his ward, but must cause the suit to be brought in the names of the minors as suing by him their guardian, and not by attorney. The constitution of 1792 (*Digest* 25) provides that the Orphans' Court shall hear the exceptions (to administrators' accounts, &c.) " of any persons concerned ?" and a guardian of any person entitled to a share of the deceased's estate is certainly one of these. Indeed, the 16th *Sec.* of the 6th *Art.* enumerates guardians as well as persons entitled to shares as the very persons entitled to notice of the filing such account. The revised constitution of 1831 contains a similar provision. The guardian, therefore, may undoubtedly file exceptions in such a case as the present, which the Orphans' Court is bound to hear. The 10th section of the " act concerning the Orphans' Court," passed February 10th, 1829, also expressly provides that a "guardian shall be admitted to sue or defend *for* his ward."

But on the other point we think it indispensable, that in cases of exceptions to accounts the exceptant should show his interest in order that the respondent may know who it is that calls him into court, and in what right. There must be some rules of pleading in the Orphans' Court as elsewhere, in order to attain the ends of justice. Is not it just that a party instituting proceedings in the Orphans' Court should show his interest and right to make such proceedings ? And if the respondent is entitled to such notice, it is also necessary to the jurisdiction of the court, as it only has jurisdiction to hear the appeal of persons interested or concerned; the concern and interest must therefore appear on the record. Suppose the case of an assignee of an heir at law or other person interested filing exceptions, should not the assignment be stated to give the respondent notice ? It might be a forgery, and the defendant notified for the first time at the trial of the right in which the exceptant appeals, would not have it in his power to controvert it. But this case is one where the interest of appellants is not only not stated on the exceptions, but the record does not show that it was proved.

A question might perhaps arise on a clause in the act " concerning the Orphans' Court," (*Digest,* 420,) whether proof on this point might

not yet be taken in this court. It is the clause which authorizes the taking the testimony of witnesses in the Orphans' Court, in writing, to be used in the appellate court; and, where the testimony has not been so reduced to writing, authorizes the appellate court to hear the witnesses. The question is whether that clause authorizes this court to hear witnesses in all cases, or only where the testimony is necessary to give the party appealing the benefit of his appeal. In other words, can the respondent in appeal call witnesses before the appellate court to establish a fact not stated on the record, and which is necessary to sustain the decree appealed from.

We have considered this matter and are of opinion, that in a case like the present such proof is not admissible. The decision of the case on appeal ought to be on the same matters presented to the court below. Suppose this court to decide with the Orphans' Court, that the exceptions need not set out the interest of the party, but that such interest might be shown in proof; non constat that such proof was adduced in the court below; and if this court hears such testimony, we may decide a very different case from the one presented to and decided by the Orphans' Court. So far as we can collect from the record, these exceptions were sustained without either alledging or proving any interest in the exceptants, while here the decision would simply be, that a party might prove an interest without alledging it, and that this would be sufficient to give the court jurisdiction of the case.

On the ground, therefore, that it nowhere appears from this record that the exceptants were interested or concerned in the estate of William Johnson so as to entitle them to appeal from the accounts of his administrator, or to give the Orphans' Court jurisdiction to try such appeal, we reverse the decree of the Orphans' Court; but without prejudice to any other exceptions, and we remand the record to the court below. The respondents in this court for costs.

*Cullen*, for appellant.

*C. G. Ridgely*, for respondents.

